UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GARCIA,<br>Plaintiff,<br>v.<br>JACKSON CITY HALL, *et al.*,<br>Defendants. | Case No. 2:26-cv-2175-DAD-JDP (PS)<br><br>ORDER |

Plaintiff Michael Garcia brings this action against Jackson City Hall, Jackson City Manager, and Jackson City Council. His claims, as articulated, are not cognizable. I will dismiss the complaint and give plaintiff an opportunity to remedy the deficiencies identified below. I will also grant plaintiff's *in forma pauperis* application, which makes the required showing.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

It is difficult to understand plaintiff's complaint. Plaintiff alleges that he attempted to use a state park "but was denied by community lawbreakers illegally parking." ECF No. 1 at 5. Plaintiff alleges that when police responded to the scene, they assaulted him and threatened him with "an indefinite 5150 hold . . . ." *Id.* While plaintiff describes what appears to be a single incident, he also alleges that he maintains 24 counts of police brutality, and that there are "25 ADA violations," though he elsewhere does not explain how any defendant violated the Americans with Disabilities Act.

Plaintiff states that he is proceeding on claims under the First, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments. *Id.* at 4. However, he does not substantiate a claim under any of these authorities. Moreover, while plaintiff has brought this complaint against Jackson City Hall, Jackson City Manager, and Jackson City Council, he does not allege any wrongdoing by them. Instead, the complaint focuses on alleged police brutality by a sergeant

Tuvac, who is not named as a defendant in the complaint. *See id*. at 5. Plaintiff alleges that defendants "refused to do their jobs," but he does not add any further detail to this vague allegation. *See id*. He also references another lawsuit that he initiated, and he alleges that police officers have intimidated him into "dropping" that suit. *See id*. at 6.

The allegations in the complaint are too vague to proceed. The limited allegations are insufficient to put defendants on notice of plaintiff's claims and of the factual basis for them. *See Jones v. Cnty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Factual specifics are needed. Indeed, the complaint fails to plainly allege any specific wrongdoing by defendants.

The complaint is dismissed with leave to amend. Plaintiff may file an amended complaint that explains why, if at all, his claims should proceed. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "First Amended Complaint" and be filed within fourteen days of this order's entry.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within fourteen days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated: August 25, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE